FILED
2017 Nov-22 PM 03:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

ELECTRONICALLY FILED
10/11/2017 7:48 PM
54-CV-2017-900073.00
CIRCUIT COURT OF
PICKENS COUNTY, ALABAMA
KEITH COX, CLERK

## IN THE CIRCUIT COURT OF PICKENS COUNTY, ALABAMA

**MICHAEL PHILLIPS**,

  **Plaintiffs,**
   v.

**MAYOR CRAIG PATTERSON**         CIVIL CASE NO.:  CV_____
**TOWN OF GORDO,**                **JURY TRIAL REQUEST**
  **Defendants.**

---

## COMPLAINT

---

    **COMES NOW** the Plaintiff **MICHAEL PHILLIPS**, by and through its undersigned attorney of record, and brings this Complaint for a JURY TRIAL to enforce the Plaintiff's Legal Rights following his Wrongful Termination, Disability Discrimination, Wrongful Taking of the Plaintiff's Retirement Benefits, Worker's Compensation Benefits and Municipal Insurance Benefits along with the Defendants Purposely Targeting the Plaintiff for Discrimination, Harassment, Slander, Libel and Defamation of Character along with interfering with his contractual rights, workers compensation rights, insurance rights, pension rights and constitutional rights.  The Plaintiff also seeks Compensatory, Consequential and Punitive Damages along with equitable reimbursement of related expenses. The Plaintiff maintains this action was taken by the Mayor for the sole reason of retaliating against him because he suffered an on the job injury that he would have normally have benefited from worker's compensation medical benefits which were denied to the Plaintiff or not fully or adequately distributed to him; this is a problem he continues to suffer from on a continuing basis to this date, from June 6, 2013, to Present.

## JURISDICTION

1. This Court has jurisdiction over this action because it occurred in Pickens County, Alabama, where all parties either reside or are located.

2. Venue is proper under the Code of Alabama because the Plaintiff first suffered an on the job injury and then a short time later he was fired from his long-term employment with the Town of Gordo, Alabama, which is prohibited under the Code of Alabama Workers Compensation Laws, along with related injuries.

## PARTIES

3. The Plaintiff, **MICHAEL PHILLIPS,** is a white male, who was employed with the Town of Gordo, Alabama, for a number of years prior to suffering an on the job injury and subsequently being wrongfully terminated from his long-term municipal job.

4. The Defendants are Mayor Craig Patterson and the Town of Gordo, Alabama. Craig Patterson is being sued in both his governmental capacity and as a private individual. The Defendant Town of Gordo is a division of the State of Alabama and as such is a governmental entity subject to the State Workers Compensation Laws, Federal Anti-Discrimination Laws and Constitutional Due Process rights of a "vested" State of Alabama Employee's Retirement System Insurance & Pension Employees like the Plaintiff.

## NARRATIVE OF RELEVANT FACTS

6. Prior to suffering an injury on the job 6-6-2013, the Plaintiff never had any

problem with the Defendants, however, after he suffered an on the job injury while employed with the Town of Gordo, on or about June 6, 2013, the Plaintiff has suffered one problem after the other all of which appear to be controlled by or originating from Craig Patterson the Mayor of the Town of Gordo, Alabama, wrongfully continuing to this date.

7. The Plaintiff avers that he has been punished excessively and unfairly by exercising his 1st Amendment right of "Free Speech" and by filing on the job injury forms with the Town of Gordo.

8. The Plaintiff avers that the Defendants have failed in every instance to give him proper notice of proposed disciplinary action against him; and the Defendants have failed to afford him a fair and unbiased tribunal to hear his side of the dispute in accordance with standard procedural due process mandated for all non-probationary state merit system employees.

9. The Plaintiff asserts that he has been penalized unfairly for not following Departmental procedures, but that the Defendants have not in any instance related to displinary actions which have been taken against him followed its own standard rules of displinary procedure or administrative rules or its own Employee/Employer Handbook.

10. All negative matters contained within the Plaintiff's personnel record stem from him reporting his employer (Defendants) the fact that he has suffered an on the job injury on or about June 6, 2013, and continue to this date.

11. The facts of this particular case support an immediate and dire need for this matter to be heard as promptly as possible by this Honorable Federal Court.

12. The Plaintiff has not been granted a fair or unbiased due process hearing at any stage prior to bringing this constitutional due process violations and civil rights claim and violation of the State of Alabama Code relating to workers compensation for on the job injuries complaint against the named Defendant(s).  All personnel actions related to this Plaintiff were based strictly upon a paper record which is untrue and unsupportable without direct, first hand knowledge or unbiased witnesses; in other words, compounded hearsay.

13. All pre-disciplinary hearings of the Plaintiff have been a procedural sham with the outcome pre-determined prior to the proceedings taking place.

14.  There has been inadequate notice of the charges pending, no genuine opportunity to question the evidence or cross-exam the witness(es) or adequate time to prepare a defense to attack fraudulent charges against the Plaintiff.  In doing such, the Defendants have repeatedly violated State of Alabama Code rules and procedures,  a clear lack of procedural and substantive due process and discrimination against the Plaintiff due to him bringing a justified worker's compensation claim against the Defendants..

15. This action seeks to correct the lack of procedural and substantive due process related to the Plaintiff's on the job injury, but continuing to this date.

16  The Defendants have turned a blind eye and a deaf ear to the Plaintiff's numerous notices of both state and federal law noncompliance of the Defendants and the Plaintiff's specific concerns addressed in this legal complaint against the Defendants.

17  The Plaintiff's requests for the Defendants to comply with State Law, Federal Law and Hire him back or grant his request for disability retirement with full insurance and pension benefits.

18  Additionally, the Plaintiff seeks to recoup all medical expenses he is out from his own pocket though the Town of Gordo should have covered under the State of Alabama Workers Compensation Laws and all pension benefits this former Town of Gordo employee should have received if the Defendants had not wrongfully fired him and not covered his worker compensation related/medical claims.

19  Prior to June 6, 2013, the date of his on the job injury, the Plaintiff had no negative, defamatory or derogatory comments or documentation in his personnel file.  Clearly, he was wrongfully terminated by the Defendants.

20  Subtract the retaliatory, unlawful and malicious conspiratorial statements against the Plaintiff by Defendant(s), and there is no reason to believe the Plaintiff would have faced any of the adverse employment issues or retaliation he complains of being orchestrated by the Defendants.

21  The Defendant(s) in this case failed to act in a lawful manner voluntarily

toward the Plaintiff.

22  The Plaintiff avers all wrongful conduct by Defendants has occurred following requests by the Plaintiff for relief from his on the job injury medical and related expenses from 2013 to Present.

23  The Plaintiff avers the wrongful conduct of Defendants has increased in frequency and intensity after he sought legal assistance and spoke out against them locally regarding his mistreatment as a former municipal employee who was injured on the job accidentally.

24  The Plaintiff avers the wrongful conduct of Defendants toward him has occurred in violation of his state and federal substantive and procedural due process protections afforded governmental merit system employees, in violation of the U. S. Constitution 5th Amendment, 14th Amendment, and along with Section 1983 of the Civil Rights Act, as amended.

25  The Plaintiff avers the discriminatory and retaliatory conduct of Defendants occurred unlawfully due to his on the job injury in June of 2013.

26  Also, the Plaintiff avers retaliatory conduct by all Defendants has occurred after the Plaintiff has exercised his 1st Amendment right of free speech and/or organization or association by filing a report of his on the job injury with the proper parties including but not limited to the Mayor and the City Council.

27  The Defendant(s) have violated state and federal law by treating the Plaintiff differently and contrary to normal standard operating procedures related to on

the job injuries.

28  The Defendant(s) have additionally violated many state laws relative to basic harassment of the Plaintiff like the following state law torts: Harassment; Interference with Contract; Slander; Libel; Defamation of Character; Intentional Infliction of Emotional Distress and Outrageous Conduct.

## COUNT I- FEDERAL LAW [TITLE VII AND U. S. CONSTITUTIONAL] VIOLATIONS-WORKER'S COMPENSATION DISCRIMINATION & RETALIATION

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-28 of this Complaint and Petitions for both LEGAL and EQUITABLE RELIEF herein, including but not limited to COMPENSATORY, CONSEQUENTIAL and PUNITIVE DAMAGES.

30. The conduct of the Defendant(s) described herein supports the Plaintiff's averment that he has been denied both substantive and procedural due process rights granted by the Civil Rights Act of 1964, as amended, 42 USC Section 1983 along with the guarantees of the U. S. Constitution 5th, 14th and 1st Amendments, related to Plaintiff's:

   1. Report of an on the job injury-workers compensation benefits should have fully covered;

   2. Exercise of free speech;

    3. Exercise of free association;

    4. After Plaintiff's request of federal law compliance made to Defendant(s), Defendant(s) have retaliated against him in violation of Federal law's anti-retaliation provisions and "whistle blower" protection provisions;

    5. Denial of property interest or right without proper due process;

    6. Equal Protection Clause violations, by not treating the Plaintiff like others similarly situated;

31. The Plaintiff suffered damages, injuries and expenses related to attempting to enforce his rights under federal law; therefore, he requests that a just recovery of Damages, or equitable relief, be awarded by this Court.

## COUNT II- STATE COURT TORTS

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-31 of this Complaint and Petitions for both LEGAL and EQUITABLE RELIEF herein, including but not limited to COMPENSATORY, CONSEQUENTIAL and PUNITIVE DAMAGES.

33. The conduct of the Defendant(s) described herein supports the Plaintiff's averment that he has suffered significant personal injuries and damages due to the retaliatory conduct of the Defendant(s) in violation of federal civil rights law, along with other legal violations, including the following

state law torts:

1. Multiple acts of Harassment;

2. Slander;

3. Libel;

4. Mental Anguish;

5. Interference with Contract;

6. Intentional Infliction of Emotional Distress-Outrage;

7. Invasion of Privacy;

34. The Plaintiff suffered damages, injuries and expenses related to attempting to enforce his rights under both state and federal law. He therefore requests that a just recovery of Damages, or Equitable Relief, be awarded by this Court due to the Defendants Wrongful Actions from 2013 to Present.

## **PRAYER FOR RELIEF**

**WEHERFORE,** premises considered, the Plaintiff **MICHAEL PHILLIPS**, is an aggrieved person as defined by law who has suffered significant injuries and property loss as a result of the Defendant(s) unlawful actions stated herein; the Defendant's conduct was intentional, purposeful, conspiratorial, willful, and malicious conducted in complete disregard of state

law, federal and the Plaintiff's civil rights in **DISCRIMINATORY AND RETALIATORY** manner based upon the Plaintiff exercising his legal rights related to him suffering an on the job injury in June of 2013, that he is still to this day wrongfully being punished for by the Defendants. Therefore, accordingly, this action seeks Compensatory Damages; Consequential Damages; Punitive Damages and Declaratory Relief; dating back to June of 2013, and such equitable or other relief this Honorable Court deems appropriate, including but not limited to REHIRING THE PLAINTIFF; PROMOTION; BACKPAY; REFUNDING ALL EXPENSES SUPPOSED TO HAVE BEEN COVERED BY HIS INSURANCE THAT ULTIMATELY WAS IMPROPERLY NOT COVERED; RESTATORATION OF THE PLAINTIFF'S STATE PENSION: Attorney Fees and Court Costs, in addition to clearing the Plaintiff's personnel record of all improper retaliatory matters and restoring his funds which have wrongfully been taken by the Defendants, in short restore him to the position and benefits he would hold "but for" the Defendant(s)wrongful and illegal actions of discrimination, retaliation and harassment against him because he accidentally suffered an on the job injury that he still has not been fully compensated for; The Plaintiff further prays, requests and petitions this Honorable Court, after due deliberation, to *GRANT* the following and issue an ORDER that:

1. Jurisdiction is Granted;

2. Venue is Granted;

3. Plaintiff's request for a Jury Trial on the issues is Granted;

DONE this the 11th day of October, 2017, and respectfully submitted,

_____s/Connie J. Morrow_____
Connie J. Morrow (MOR057)
Attorney for Plaintiff

ADDRESS OF COUNSEL:
**C. J. MORROW CARRAWAY BAKER, LLC**
MAILING ADDRESS: P. O. Box 640
Wetumpka, Alabama  36092
PHYSICAL ADDRESS:  527 Herron Street
Montgomery, Alabama  36104
(334) 478-4758 & 320-5325
morrow@cmorrowlaw.com

**CLERK-SERVE BOTH DEFENDANTS AT THE FOLLOWING LOCATION:**

**GORDO-TOWN HALL, 187 7th Street SW, Gordo, AL   35466**