## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

MICHAEL PHILLIPS,                )
)
    Plaintiff,                )
)
vs.                )       7:17-cv-01976-LSC
)
CRAIG PATTERSON , et al.,                )
)
    Defendants.                )

### Memorandum of Opinion

Before this Court is a Motion to Dismiss (doc. 3) filed by Defendants Town of Gordo ("Gordo") and Mayor Craig Patterson ("Mayor Patterson") (collectively "Defendants"). In their Motion, Defendants argue that Plaintiff Michael Phillips' Complaint is subject to dismissal on multiple grounds, chiefly that Plaintiff has released his claims against Defendants, res judicata, that those claims are brought past their statute of limitations, qualified and absolute immunity, and that Plaintiff' Complaint fails to state a claim. The Court agrees that this action appears to be subject to dismissal on multiple grounds including pursuant to a valid release and settlement of claims, because the applicable statute of limitations has run on all claims, and because Plaintiff's Complaint fails to state a claim.

## I. BACKGROUND

Plaintiff was employed by the Town of Gordo, Alabama for a number of years prior to his suffering an on-the-job injury on or about June 6, 2013. Other than this initial information, the Complaint[1] is largely devoid of specific factual assertions against the Defendants, although it is replete with legal conclusions and generalized statements. For example, Plaintiff alleges that following his injury "Plaintiff has suffered one problem after the other[,] all of which appear to be controlled by or originating from [Defendant Patterson] the Mayor of [Defendant Gordo] wrongfully continuing to this date." (Doc. 1-1 ¶ 6.) Plaintiff claims he was punished excessively and unfairly for exercising his First Amendment Rights and by filing "on the job injury forms" with Defendant Gordo. (*Id.* at ¶ 7.) He additionally states that Defendants failed to give him notice for disciplinary actions, but does not include in any detail what those disciplinary actions were. He states that he was "penalized unfairly for not following Departmental procedures" but does not give any concrete examples of such occurrences (*Id.* at ¶ 9.) He avers that the personnel actions relating to Plaintiff were based strictly on an "untrue" paper record, but does not detail what personnel actions or untrue statements occurred. At one point in the Complaint, Plaintiff alleges the Defendants wrongfully

---

[1] The Court notes that Plaintiff was represented by counsel in this action.

terminated him, but does not specify when this occurred except that it was after his job-related injury in June 2013. Plaintiff asserts two counts under (1) "Federal Law (Title VII and U.S. Constitutional) Violations-Worker's Compensation Discrimination & Retaliation" and (2) "State Court Torts." (Doc. 1-1 at 8-9.) In each Count, Plaintiff recites a laundry list of claims against Defendants without indicating any facts to support those claims.

Plaintiff originally filed this action in the Circuit Court of Pickens County, Alabama on October 11, 2017. (*See* Doc. 1-1.) Defendants properly removed the action to this Court on November 22, 2017. Jurisdiction appears proper under 28 U.S.C. §§ 1343 & 1367 as Plaintiff has asserted numerous claims against Defendants under 42 U.S.C. § 1983 and other state-law claims arising from the same conduct. (*See* Doc. 1.) Defendants filed a Motion to Dismiss on November 29, 2017, arguing that all of Plaintiffs' claims were due to be dismissed, because Plaintiff has released his claims, and because the claims were barred by the statute of limitations, qualified immunity, and state-agent immunity.

Defendants' Motion to Dismiss also filled in some of the backstory to what happened between Plaintiff's injury in 2013 and the instigation of this action in 2017. Specifically attached to Defendants' Motion was a Complaint filed by Plaintiff against Defendant Gordo in the Circuit Court of Pickens County, Alabama

in August 2013 (the "First Complaint"). (*See* Doc. 3-2.) The First Complaint asked for the payment of benefits due under the Workmen's Compensation laws of Alabama from Defendant Gordo to Plaintiff, arising out of the same June 6, 2013 injury mentioned in Plaintiff's current Complaint.

Additionally attached to Defendants' Motion to Dismiss was the conclusion to Plaintiff's first action: a Workers Compensation Settlement Agreement (doc. 3-4)[2] and Court Order Approving that Agreement (doc. 3-3). The Settlement Agreement included the following release:

> In consideration of this payment by Gordo, [Plaintiff], for himself, his heirs, next of kin, executors, administrators, personal representatives or assigns, releases Gordo, its elected and appointed officials, employees, representatives, agents, insurance carriers, third party administrators, predecessors, successors and assigns, and other every person, corporation, association or partnership chargeable therewith ("Gordo Releasees"), of and from any and all claims which [Plaintiff] may have against Gordo Releasees, whether known or unknown or hereafter discovered, under any federal or State law including, but not limited to, all claims under the Workers' Compensation Act of Alabama . . . .

---

[2] "A district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment." *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999)). Specifically, the Court may take judicial notice of public records "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." Fed. R. Evid. 201(b); *see also Bryant*, 187 F.3d at 1278; *Horne*, 392 F. App'x at 802.The Court takes judicial notice of the documents attached to Defendants' Motion to Dismiss, (docs. 3-2—3-4), as the Court is confident that they are not subject to reasonable dispute, nor does the Plaintiff dispute the documents themselves.

(Doc. 3-4 at 5.) The Settlement Agreement was signed by Plaintiff and notarized on April 26, 2017—approximately seven months before Plaintiff commenced the current action.

## II. STANDARD OF REVIEW

To survive a 12(b)(6) motion to dismiss, a plaintiff must generally satisfy the pleading requirements in Fed. R. Civ. P. 8. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotations omitted). *Iqbal* establishes a two-step process for evaluating a complaint. First, the Court must "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Factual allegations in a complaint need not be detailed,

but they "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A party need not specifically plead each element in his or her cause of action, but the pleading must contain "enough information regarding the material elements of a cause of action to support recovery under some viable legal theory." *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011). Ultimately, the Court must be able to draw a reasonable inference from the facts that the other party is liable. *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1215 (11th Cir. 2012). The Court must construe pleadings broadly and resolve inferences in the non-moving party's favor. *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006).

## III.    DISCUSSION

Plaintiffs' Complaint is due to be dismissed because it fails to state a claim, is barred by the Statute of Limitations, and because Plaintiff agreed to a Settlement Agreement whereby he released all of his claims against Defendants.

### a.  SETTLEMENT AGREEMENT

Most obviously, Plaintiff has already released Defendants from all the claims that he now asserts. "Under Alabama [common] law, an injured party's execution of a general release arising from a tort claim operates as a bar to any other potential

claim of the party arising from the same tort. The general release operates in favor of other alleged tortfeasors and releases them from liability." *Irvin v. Griffin Corp.*, 808 F.2d 802, 804 (11th Cir. 1987). The general rule that a release of "any and all persons" can discharge both the parties to the agreement, as well as other tortfeasors not party to the release agreement, has been modified by Ala. Code § 12–21–109, which states: "All receipts, releases and discharges in writing, whether of debt or record, a contract under seal or otherwise, must have effect according to the intention of the parties." According to *Irvin*,

> The major substantive change in the common law rule [wrought by Ala. Code § 12-21-109] was that of modifying the law regarding settlements or releases, and changing it according to the law of contracts, that is, that the release must be given effect according to the intentions of the parties. Thus, under Alabama law, the common law rule on the subject of general releases has been modified by the intention of the party standard of contract law.

808 F.2d at 804; *see also American Homes & Land Corp. v. C.A. Murren & Sons Co.*, 990 So.2d 871, 876 (Ala. 2008) ("[A]bsent fraud, a release, supported by valuable consideration and unambiguous in meaning, will be given effect according to the intention of the parties from what appears in the four corners of the document itself." (citation omitted)).

Defendants argue that pursuant to the Settlement Agreement, Plaintiff released Defendant Gordo and all of its elected and appointed officials, including

Defendant Patterson, from "any and all claims which [Plaintiff] may have against [them], whether known or unknown or hereafter discovered, under any federal or State law including but not limited to, all claims under the Workers' Compensation Act of Alabama . . . ." (Doc. 3-4 at 5.) Plaintiff, in his Response in Opposition, does not dispute the existence of the release, but denies that "he voluntarily released [Defendants] from wrongfully firing him . . . or that he signed away his constitutional rights." (Doc. 5 at 2.) Plaintiff also argues the release is contrary to law, but does not explain how.

Plaintiff does not explain in either circumstance how the release is (1) not voluntary and (2) contrary to law; instead, like his Complaint, Plaintiff's Response contains only naked allegations concerning his voluntary settlement with the Defendants. The Settlement Agreement indicates that Plaintiff was assisted by counsel (doc. 3-4 at 4) and the Circuit Court also noted that Plaintiff "retained the services of Rhonda Dockery to assist him in the prosecution of the workers' compensation claim." (Doc. 3-3 at 3.) The Circuit Court likewise stated in its Order that "the Court specifically finds that Plaintiff's release of his right to payment by Defendant of future vocational expenses was made knowingly, voluntarily, and without compulsion, fraud or deceit and is in the best interest of Plaintiff based on the testimony taken by the Court." (*Id.*) Even taking the facts in

the light most favorable to Plaintiff, it appears without doubt that Plaintiff voluntarily released Defendants from his claims. Plaintiff's unsupported arguments are insufficient to convince the Court that the Plaintiff should not be bound by the release. At a later point in his Response, Plaintiff actually admits that he "partially settled his dispute"; contradicting his earlier statement that the settlement was not voluntary. (Doc. 5 at 2.) The facts, as they exist in the record, present the situation where Plaintiff settled his lawsuit against Defendants for a fair and approved amount, and then turned around to sue the Defendants for the same exact occurrence.

Of course, the Court cannot be certain that the Settlement Agreement encompasses all claims that Plaintiff brings against the Defendants, because Plaintiff's Complaint is wholly devoid of factual assertions. There is a possibility that Plaintiff's current claims arose after the signing of the release. The only date Plaintiff references is the date he was injured in June 2013. This release was signed and notarized on April 26, 2017, and the Court is skeptical that the claims that constitute the basis for Plaintiffs Complaint occurred after that date. The Court does not premise dismissal of this action on Plaintiff's signing of the Settlement Agreement but on his failure to state a claim. Nonetheless, that Plaintiff appears to

have released Defendants from all liability shows the futility of allowing Plaintiff to amend his Complaint to attempt to correct his deficient pleadings.

### b. STATUTE OF LIMITATIONS

In addition to Plaintiff's release of Defendants, most if not all of Plaintiff's claims are barred by the applicable statute of limitations. Because Plaintiff has pled his claims without any specificity, it is difficult for the Court to determine exactly when the claims accrued—although he does repeatedly identify June 2013 as the date of his injury and the events giving rise to the Defendants' alleged liability. (*See* Doc. 1-1 ¶¶ 6, 10, 19, 22, 25, & 34.)   Assuming this is the date that Plaintiff identified, all of his claims under § 1983 are barred by the statute of limitations of two years. "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quotation omitted). In Alabama, where Plaintiff brought this action, that limitations period is two years. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). As the filing date of this action is greater than two years since June 2013, Plaintiff's § 1983 claims and other "personal injury" claims are barred by the statute of limitations.

All of Plaintiff's claims appear to have a two-year statute of limitations. *See* Ala. Code § 25-5-80 (worker's compensation); Ala. Code § 6-2-38(k) (libel and slander); Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in [Section 6-2-38] must be brought within two years."). To the extent that Plaintiff asserts a claim under Title VII, he has not alleged he has filed a claim with the EEOC or otherwise exhausted his remedies.

Plaintiff offers no real explanation for why the majority of his claims are not time barred. He only argues that "[t]he [s]tatute of [l]imitations is not applicable in this case which is continuing (the dispute continues to this date) to be debate[d] and was only recently (March, 2017) partially settled to allow the Plaintiff to be compensated for his medical treatment." (Doc. 5 at 2.) A debate as to liability in no way tolls the statute of limitations. Thus, Plaintiff's claims are also due to be dismissed because they appear to be barred by the statute of limitations. As stated above, Court premises dismissal of this action on Plaintiff's failure to state a claim. But like Plaintiff's apparent release of Defendants from liability in the Settlement Agreement, the running of the statute of limitations for Plaintiff's claims is an additional ground for dismissal of this action.

### c. FAILURE TO STATE A CLAIM

### i. FEDERAL-LAW CLAIMS

Without resort to either the statute of limitations or the release in the settlement agreement signed by Plaintiff, the Complaint is still due to be dismissed because it fails to state a claim. In fact, the Court is hard-pressed to locate a single paragraph of the Complaint where the Plaintiff has actually alleged facts specific to his case and not legal conclusions and the recitation of the elements of causes of action. Without seeking to address any of the myriad deficiencies raised by Defendants to Plaintiff's Complaint, Plaintiff's Response in Opposition to Summary Judgment states that all that is required under the Federal Rules of Civil Procedure is "Notice Pleading." (*Id.* at 1.) Generally speaking, Courts do require notice pleading, *see* Fed. R. Civ. P. 8(a)(2), but a complaint's well-pled "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555); *see also Twombly*, 550 U.S. at 555 n.3 (requiring a complaint to provide not only "notice" but also "grounds" on which the complaint rests). Supreme Court precedent specifically rejects "blanket assertion[s]"—of which Plaintiff's Complaint is almost entirely composed. *Twombly*, 550 U.S. at 555 n.3.

The Court thus turns to Plaintiff's specific claims in his Complaint. Plaintiff has alleged an "equal protection clause" violation, because the Defendants did "not treat[] Plaintiff like others similarly situated." Plaintiff's "legal conclusion" of unequal treatment does not explain how Plaintiff was treated unequally, or offer any "protected category" to which the Plaintiff belongs. In order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on race, religion, national origin, poverty or some other constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001). Plaintiff has failed to state an equal protection violation.

Plaintiff additionally claims that Defendants have deprived him of property without due process. In order to state a claim for a violation of procedural due process here, Plaintiff must show: (1) a constitutionally protected interest in life, liberty, or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation. *See Board of Regents v. Roth*, 408 U.S. 564, 570–71 (1972). Plaintiff has pled that his employment with Defendant Gordo as a constitutionally protected interest in

property. He has likewise pled that he was deprived of that interest because he was terminated. Plaintiff has sufficiently pled these first two elements.

Plaintiff's procedural due process claims founders on the third element, "constitutionally inadequate process." As a general matter due process requires notice and an opportunity to be heard before a person may be deprived of property. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). The state's action is not complete "until and unless it provides or refuses to provide a suitable postdeprivation remedy." *Id*. Thus, a claim for denial of procedural due process is actionable under § 1983 "only when the state refuses to provide a process sufficient to remedy the procedural deprivation." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (en banc). "It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim." *Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000) (citations omitted). "[P]rocedural due process

violations do not even exist unless no adequate state remedies are available."
*Cotton*, 216 F.3d at 1331 n. 2.

Plaintiff's allegations surrounding his procedural due process violation are for the most part plain legal conclusions. For example, Plaintiff alleges "he has been penalized unfairly for not following Departmental procedures, but that Defendants have not . . . followed its own standard rules of disciplinary procedure or administrative rules or its own Employee/Employer Handbook." (Doc. 1-1 ¶ 9.) Plaintiff additionally states that "Defendants failed in every instance to give him proper notice of proposed disciplinary action against him; and the Defendants have failed to afford him a fair and unbiased tribunal to hear his side of the dispute . . . ." (*Id.* at 8; *see also id.* ¶ 13 "All pre-disciplinary hearings of the Plaintiff have been a procedural sham with the outcome pre-determined prior to the proceedings taking place."; *id.* ¶ 14 ". . . inadequate notice of the charges pending, no genuine opportunity to question the evidence or cross-exam the witness(s) or adequate time to prepare a defense to attack fraudulent charges against the Plaintiff."). Nowhere in his Complaint does Plaintiff state what exactly the unfair procedures or tribunals were, what charges were brought against Plaintiff, what witnesses testified against Plaintiff. The Complaint's allegations only appear as general "labels and conclusions," that are "asserted at the highest order of generality." *Witt v. Stryker*

*Corp. of Michigan*, 648 F. App'x 867, 871 (11th Cir. 2016) (quoting *Twombly*, 550 U.S. at 555). Plaintiff's due process claim[3] is thus due to be dismissed.

Plaintiff additionally alleges that Defendants violated his right to free speech and free association under the First Amendment. Plaintiff states that: "he has been punished excessively and unfairly by exercising his 1st Amendment right of 'Free Speech' and by filing on the job injury forms with the Town of Gordo," (Doc. 1-1 ¶ 7), and "retaliatory conduct by all Defendants has occurred after the Plaintiff has exercised his 1st Amendment right of free speech and/or organization or association by filing a report of his on the job injury with the proper parties including but not limited to the Mayor and the City Council." Like Plaintiff's Equal Protection and Due Process Claims, his claims under the First Amendment include no real facts specific to his case, but the general repetition of the elements of a cause of action for retaliation in violation of the First Amendment. For that reason, they are due to be dismissed.

In his final federal law claim, Plaintiff alleges that "After Plaintiff's request of federal law compliance made to Defendant(s), Defendant(s) have retaliated against him in violation of Federal law's anti-retaliation provisions and "whistle

---

[3] At various points in his Complaint, Plaintiff makes allegations that Defendants denied him substantive due process. (*See* Doc. 1-1 ¶¶ 14, 15, 23, & 30.) Plaintiff at no point explains how he was deprived of substantive due process, and thus his substantive due process claim, to the extent he asserts it, is also due to be dismissed.

blower" protection provisions . . . ." Plaintiff does not expand on this generalized allegation in his Complaint, nor does he explain the basis for the allegation in his Response in Opposition to Defendants Motion to Dismiss. To the extent Plaintiff seeks to bring a whistleblower retaliation claim, it is due to be dismissed.

### ii. Qualified Immunity

In addition to Plaintiff's failure to state any federal claim under Fed. R. Civ. P. 12(b)(6), all of Plaintiff's § 1983 claims against Defendant Patterson in his individual capacity are due to be dismissed because Defendant Patterson is entitled to qualified immunity. To be potentially eligible for qualified immunity, an official must be engaged in a "discretionary function" when he performed the acts of which the plaintiff complained. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Under qualified immunity analysis, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly unconstitutional acts took place." *Storck v. City of Coral Springs*, 354 F.3d 1307, 1314 (11th Cir. 2003). "Once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2003). "To overcome qualified immunity, the plaintiff must satisfy a two

prong test; he must show that: (1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Holloman*, 370 F.3d at 1264 (citing *Wilson v. Layne*, 526 U.S. 603, 609 (1999)).

Because of the lack of factual specificity in Plaintiff's Complaint, it is difficult to determine what exact role Defendant Patterson had in the alleged wrongs committed against Plaintiff. Plaintiff only states that he has "suffered one problem after the other all of which appear to be controlled by or originating from [Defendant Patterson] . . . ." (Doc. 1-1 ¶ 6.) In Plaintiff's Response in Opposition to Summary Judgment, he adds that he "alleges that both [Defendant Gordo and Defendant Patterson] exceed the normal statutory authority and that both violated the State of Alabama Code of Laws . . ." (Doc. 5 at 3.) Plaintiff made no such allegation in his Complaint, and even if he did it would not be entitled to a assumption of truth because such a statement is a legal conclusion. In fact, the Complaint is completely devoid of facts concerning what Defendant Patterson actually did—because for the majority of Plaintiff's allegations he only refers to the Defendants collectively. In any case, there is no well-pled allegation that shows Defendant Patterson acted outside the scope of his authority.

Because Defendant Patterson has carried his initial burden, the Court looks to whether Plaintiff has shown that Defendant Patterson violated a constitutional

right. As stated above, none of Plaintiff's federal claims are well-pled, and he thus also fails to show a Defendant Patterson's violation of federal law. Defendant Patterson is therefore entitled to qualified immunity.

### iii. State-law Claims

Plaintiff additionally alleges that Defendants have committed state torts against him, including: "1. Multiple acts of harassment; 2. Slander; 3. Libel 4. Mental Anguish; 5. Interference with Contract; Intentional Infliction of Emotional Distress-Outrage; 7. Invasion of Privacy . . . ." (Doc. 1-1 ¶ 33.) Like his federal claims, Plaintiff includes no facts specific to support these allegations, but only generalized legal conclusions.

Before even turning to the facts that Plaintiff seeks to use to comply with Federal Rule of Civil Procedure 12(b)(6), the Court first must address Plaintiff's compliance with Alabama statutory notice requirements. As Defendants point out, Plaintiff has failed to plead or show compliance with Ala. Code §§ 11-47-23 & 11-47-192, which govern claims for damages against municipalities, including Defendant Gordo. Ala. Code § 11-47-23 states that:

> All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented *within six months from the accrual thereof or shall be barred.*

(emphasis added). The state-law claims that Plaintiff brings sound in tort, and he must have brought those claims within six months of their accrual. "A cause of action accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon." *Lee v. Houser*, 148 So. 3d 406, 420 (Ala. 2013) (quoting *Hill v. City of Huntsville*, 590 So.2d 876, 876 (Ala. 1991)). While filing an action within the six-month period satisfies § 11-47-23, the sole date Plaintiff has identified in his complaint was the date of the accident, which occurred in 2013. Plaintiff generally states that Defendants' actions occurred in retaliation for Plaintiff's attempts to obtain his full worker's rights, but he gives no date for any of Defendants' acts or omissions. While Defendants raised the § 11-47-23 issue in their Motion to Dismiss, Plaintiff in his Response in no way showed that he complied with this statutory prerequisite. Plaintiff's state law claims are due to be dismissed against Defendant Gordo for his failure to comply with § 11-47-23.

In regards to Defendant Patterson, Plaintiff only attempts to tie his liability to these state law claims by stating "the Plaintiff has suffered one problem after the other all of which appear to be controlled by or originating from [Defendant] Patterson the Mayor of the Town of Gordo, Alabama, wrongfully continuing to this date." (Doc. 1-1 ¶ 6.) Plaintiff includes no other facts at all to support liability for any of the tort claims on behalf of Defendant Patterson—simply saying that

Plaintiff's "problems" originated with Defendant Patterson is not sufficient for Plaintiff to state a claim. These claims are therefore due to be dismissed.

## IV.     CONCLUSION

Plaintiff's Complaint is due to be dismissed on multiple grounds, chiefly that he has failed to state a claim because the Complaint includes only sparse facts interspersed in large sections of legal conclusions. Defendant Patterson is also entitled to qualified immunity on all § 1983 claims asserted against him. While the Court cannot be absolutely certain because of Plaintiff's method of pleading, it appears that Plaintiff's Complaint should also be dismissed because he has already settled the claims for which he sued and also because the statute of limitations bars bringing these claims. A separate Order consistent with this Opinion will be entered separately.

**DONE** AND **ORDERED** ON MAY 29, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

190485